**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ann Machles, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 8614 |
| Palisades Collection, LLC, a Delaware limited liability company, and First National Collection Bureau, Inc., a Nevada corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ann Machles, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Ann Machles ("Machles"), is a citizen of the State of Pennsylvania, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase/First USA credit card, which was then allegedly owed to a bad debt buyer, Palisades Collection, LLC.  These collection actions took place despite the fact

that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, First National Collection Bureau, Inc. ("FNCB"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. FNCB collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7. Defendants Palisades and FNCB are each authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Palisades and FNCB both conduct business in Illinois.

8. Moreover, Defendants Palisades and FNCB are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional

Regulation, attached as Group Exhibit B. In fact, Palisades and FNCB both act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Machles is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Chase/First USA credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Ms. Machles' Chase/First USA debt. When Defendant Palisades began trying to collect this debt from her, by sending her a collection letter, dated June 23, 2008, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this June 23, 2008 collection letter is attached as Exhibit C.

10. Accordingly, on August 1, 2008, one of Ms. Machles' attorneys at LASPD informed Defendant Palisades, in writing, that Ms. Machles was represented by counsel, and directed Defendants Palisades to cease contacting her, and to cease all further collection activities because Ms. Machles was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised that Ms. Machles was represented by counsel and refused to pay the debt, Defendant Palisades had Defendant FNCB send Ms. Machles a collection letter, dated September 30, 2011, which demanded payment of the Chase/First USA debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on November 30, 2011, Ms. Machles' attorneys at LASPD had to inform Defendants again that they must cease collections and cease

communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Machles' agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

4

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Machles was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Machles was represented by counsel, and had demanded a cessation of communications with Ms. Machles. By directly sending Ms. Machles a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Anna Machles, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Machles, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anna Machles, demands trial by jury.

                                                Anna Machles,

                                                By: /s/ David J. Philipps
                                                One of Plaintiff's Attorneys

Dated: December 5, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com